UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

ELIEZER MORALES,

                Defendant.

REPORT AND RECOMMENDATION
20-CR-6101-09-EAW-MJP

---

**Pedersen, M.J.** On September 9, 2021, the Court held oral argument for Defendant's Omnibus Motion (ECF No. 505.) The Court reserved on the issue of suppression of tangible evidence. For the reasons stated below, the Court recommends that the District Court deny the motion for suppression of physical evidence.

### *Suppression of Evidence Recovered from 83 Springfield Avenue*

Defendant moves to suppress evidence seized during the search of his residence, arguing that the evidence seized from his "home, cell phone, and vehicle[1] are the fruit of the poisonous tree and must be suppressed, as it would be unconstitutional to use against Elizer Morales." (Pieper Aff. ¶ 7, ECF No. 505.) The searches were based on a search warrant and 171-page affidavit by Special Agent Sabatino Smith. (*Id.* ¶ 10; Smith Aff. in Supp of Criminal Comp and Search Warrants,

---

[1] Defense counsel's affidavit in support of the motion to suppress asks in paragraph 26 to suppress "all evidence derived from the search of [Defendant's] residence, including all evidence acquired at the residence, his cell phone present at the residence, and all evidence derived therefrom." (Pieper Aff. ¶ 26.) Although the search warrant authorized the search of thirteen vehicles specifically identified by make, model, year, and VIN, defense counsel does not specify what automobile search violated her client's Fourth Amendment rights. Accordingly, the undersigned does not address any of the car searches in this Report and Recommendation.

ECF No. 1) This case involved a large drug distribution organization consisting of 18 charged individuals. The search warrant authorized searches of Defendant's home and seized cell phones. The government requested an extension of time to search the cell phone data, which the undersigned granted by Order entered on September 15, 2021 (ECF No. 550).

Probable cause to search a place exists if the issuing judge "make[s] a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). The standard is one of "probability, and not a prima facie showing of criminal activity...." *United States v. Travisano*, 724 F.2d 341, 346 (2d Cir. 1983). Probable cause "need not be based on direct, first-hand, or hard evidence." *United States v. Thomas*, 757 F.2d 1359, 1367 (2d Cir. 1985).

Once a search warrant has been issued, a reviewing court must accord substantial deference to the issuing judicial officer's prior finding of probable cause. The affidavit that supported the application "must be tested and interpreted by … courts in a common sense and realistic fashion." *United States v. Ventresca*, 380 U.S. 102, 108 (1965). The Second Circuit has summarized the principles that should guide a court in reviewing the probable cause determination of the judicial officer who issued the warrant:

> [The reviewing court's] after-the-fact examination of the papers is not to be *de novo* review. It should start with the proposition that the

> Magistrate's finding of probable cause is entitled to substantial deference. In fact, a search based upon a magistrate's determination will be upheld by a reviewing court on less persuasive evidence than would have justified a police officer acting on his own. Further, the magistrate's finding of probable cause is itself a substantial factor tending to uphold the validity of this warrant. This is particularly true in close cases where doubts should be resolved in favor of upholding the warrant.

*Travisano*, 724 F.2d at 345 (2d Cir. 1983); *see also United States v. Rosa*, 11 F.3d 315, 326 (2d Cir. 1993).

This Court issued the search warrant for Defendant's residence at 83 Springfield Avenue having found that the affidavit submitted by DEA Special Agent Sabatino Smith established sufficient probable cause that the residence and vehicles would contain evidence of criminal activity. (Smith Aff. in Supp of Criminal Comp and Search Warrants ¶¶ 115, 167, 358–66, ECF No. 1.) Placed in the position of having to review its own findings, this Court accords substantial deference to its initial findings.

Defendant claims that the search warrant for 83 Springfield was not supported by probable cause. The Smith affidavit contains numerous references to 83 Springfield and how it was used to store drugs. (Smith Aff., ¶¶ 115, 167, 358–366.) For example,

> [A]gents have confirmed that ELIEZER MORALES stored the narcotics for MEDINA at 83 Springfield Avenue, Rochester (Premises 17). Pursuant to intercepted communications on cellular phones utilized by Alexis MORALES, ELIEZER, and BAUER, agents were aware that BAUER and MORALES were visiting ELIEZER's residence (Premises 17) for the purpose of obtaining narcotics to sell to waiting customers. When agents identified MEDINA, MORALES, and BAUER in this investigation, agents learned that the Rochester Police Department had conducted multiple controlled purchases from both MORALES and BAUER.

> \* \* \*
>
> Furthermore, the investigation to date has indicated that BAUER and Alexis MORALES are responsible for the distribution aspect of their narcotics trafficking and ELIEZER MORALES is responsible for maintaining the stash location.
>
> 167. This is further corroborated by the interception of telephone communications between BAUER on TARGET TELEPHONE 11 and ELIEZER MORALES on TARGET TELEPHONE 12.

(*Id.* at ¶¶ 115, 166, 167.) The affidavit provides sufficient probable cause to believe a crime was committed and that evidence of that crime would be found at Defendant's residence.

Next, Defendant claims that the search warrant was a general search warrant. The search warrant authorized the search of a specific location, 83 Springfield, and included a Schedule of Items to be Seized identifying eight categories of items. Officers executing the search were more than sufficiently guided with respect to what evidence they were seeking and could collect. (Attachment B to Search Warrant, ECF No. 321-2 at 55.)

Next, Defendant attests that the officers who conducted the searches failed to rely in good faith on the validity of the challenged warrant. It is well settled that the exclusionary rule does not apply to evidence seized by police who have acted in reasonable reliance on a search warrant that was issued by a neutral magistrate, even if the magistrate's probable cause determination is incorrect. *United States v. Leon*, 468 U.S. 897, 104 S. Ct. 3405 (1984). This exception applies so long as the magistrate has not abandoned his neutral role, the officer has not been dishonest or reckless in preparing the affidavit, and there are sufficient indicia of probable cause

to permit a reasonable belief in its existence. *Id*. The issuing magistrate correctly found that sufficient probable cause existed to support the search warrant for 83 Springfield. Assuming for purposes of argument that there was insufficient probable cause, Defendant has not shown and cannot show that the searching officers did not rely in good faith on the search warrant. Thus, even if the search warrant for 83 Springfield lacked sufficient probable cause, the agents and officers who executed the conducted the search relied on it in good faith. Additionally, any minimal deterrence that might result from applying the exclusionary rule in this case would not outweigh the heavy cost of excluding otherwise admissible and highly probative evidence seized at 83 Springfield. *Herring v. United States*, 129 S. Ct. 695 (2009). The warrant was proper, and evidence seized from the warrant should not be suppressed.

## CONCLUSION

For the reasons stated above, the Court recommends the District Court deny Defendant's motion for to suppress physical evidence.

SO ORDERED.

DATED:   November 22, 2021
         Rochester, New York

_____
MARK W. PEDERSEN
United States Magistrate Judge